FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★   JAN 1 6 2013   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                   :

TRUSTEES OF THE PLUMBERS LOCAL    :
UNION NO. 1 WELFARE FUND, et al.,    :

                Plaintiffs,    :

       - against -           :

M.B. MECHANICAL CORP. and MICHAEL    :
BURKE,    :

                Defendants.    :

-----------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 4798 (BMC)

**COGAN**, District Judge.

Before me is plaintiffs' motion for default judgment, seeking damages for failure to pay benefits and pension contributions owed under collective bargaining agreements. The motion is granted to the extent set forth below.

## BACKGROUND

Plaintiff fiduciaries of various employee benefit plans brought this action against M.B. Mechanical Corp. and its principal, Michael Burke, for relief pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132 and 1145, and to collect other sums due under a collective bargaining agreement entered pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

Plaintiffs filed the Summons and Complaint on September 25, 2012. They served the corporate defendant on September 26, 2012, and the individual defendant on October 18, 2012. Defendants have not answered or otherwise appeared in this action, and the time to do

so has expired. On November 29, 2012, the Clerk of the Court entered default against defendants pursuant to Fed. R. Civ. P. 55(a).

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F. 3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, if "it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper." The Second Circuit has held that as long as the district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Plaintiffs' counsel has submitted a declaration of Richard B. Epstein in support of the instant motion. That affirmation exhibits copies of the collective bargaining agreements that gave rise to the funding obligations at issue; documentation showing defendant's unpaid contributions, liquidated damages, and the calculation of interest pursuant to the agreements; and documentation supporting plaintiff's request for costs and attorneys' fees.

The ERISA funds (the "Funds") represented in this action break down into two plaintiff groups. The first group is comprised of the "Local 1 Funds," i.e., the Plumbers Local Union No. 1 Welfare Fund; the Additional Security Benefit Fund; the Vacation & Holiday

2

Fund; the Trade Education Fund; and the 401(K) Savings Plan. The second group, the "National Funds," consists of the Plumbers and Pipefitters National Pension Fund, and the International Training Fund. Each group, in turn, is owed money for three periods: November 2007 through December 2010; January 2011 through August 2012; and October 2006 through December 2008. The evidence submitted shows the amount of principal, interest through December 12, 2012, and liquidated damages owed to the Local 1 Funds totals $407,550.51. The amount consisting of the same elements owed to the National Funds totals $82,839.03.

Although I find plaintiffs' submissions to be sufficient evidence to form the basis for an award of these damages, I must note that the narrative form in which plaintiffs' presented their damages could not have been more cumbersome and less helpful to the Court. Because there are two groups of plaintiffs, three time periods, an accrued interest calculation, and liquidated damages computed for some periods in relation to unpaid interest for the Local 1 Funds but at a fixed rate for the National Funds, it was incumbent on plaintiffs' counsel to submit one or more spreadsheets rather than only a narrative discourse on elements of damages coupled with a pile of audit reports. Plaintiffs did not even submit a total damage claim as to each group of plaintiffs, asking that damages be "joint and several" as to the Local 1 Funds and the National Funds, without any explanation of why there is joint recovery between the Funds.[1]  The Court was left to piece together the periodic audit reports that plaintiffs submitted and doing its own arithmetic, rather than confirming the accuracy of plaintiffs'.

---

[1] Indeed, there is no explanation of why each Fund, whether a Local 1 Fund or a National Fund, is entitled to a joint and several judgment for amounts due separately to each Fund. But since a fund-by-fund breakdown has not been demonstrated or requested, and there is no inequity in requiring defendants to pay the total amount due to all Funds, the Court is going to assume that there is some sharing agreement between plaintiffs.

3

Despite these deficiencies in presentation, the total attorneys' time spent in this action, as shown in the time records submitted, is 10.8 hours, for a total fee of $1861.01. This is eminently reasonable, based on eminently reasonable rates of $250 per partner, $200/hour per associate and $90/hour per paralegal. Plaintiffs' counsel submits that there is a "shared services agreement" between the plaintiff Funds, and although there is no explanation of how the sharing works, the Court will conclude that this may be awarded to them jointly.[2] There is also the index purchase fee of $350 which is of course allowed as costs.

Finally, the complaint alleges that the principal of the corporate defendant, Michael Burke, exercises control over the corporate defendant and is therefore individually liable as a fiduciary under 29 U.S.C. § 1002(21)(A). Since the factual portion of this allegation is deemed admitted by reason of Burke's default, the legal conclusion follows *ipso facto*, and Burke is jointly and severally liable with his corporate defendant.

## CONCLUSION

The motion for a default judgment is granted to the extent set forth above. Judgment will be entered separately pursuant to Fed.R.Civ.P. 58.

**SO ORDERED.**

s/Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
         January 15, 2013

---

[2] There is a sentence in the Epstein affidavit as follows: "The Funds incurred legal fees of $[] for [] hours of professional services." The brackets are not the Court's, and the Court will assume, since the hours and fee are stated elsewhere, that this is merely poor proofreading.